UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/17/2021
```

JOHN HAMLETT,

                Plaintiff,

-against-

TAJ K. EVERLY (C.O.), et al.,

                Defendants.

7:21-CV-6663 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, presently incarcerated in the Green Haven Correctional Facility, brings this *pro se* action asserting claims under 42 U.S.C. § 1983. He seeks damages and injunctive relief. He sues: (1) Correctional Officer Taj K. Everly; (2) Correctional Officer J. Dillon; (3) Correctional Officer Gary J. Perrotta Jr.; (4) Correctional Officer Antonio M. Alban; (5) Correctional Officer Thomas A. Germano Jr.; (6) Correctional Officer Richard T. Flanagan; (7) Correctional Sergeant Michel Blot Jr.; (8) Correctional Sergeant Michael D. Funk; (9) New York State Department of Corrections and Community Supervision Director of Special Housing Donald Venettozzi; (10) Hearing Officer Marilyn Kopp; (11) Nurse D. Heitz; (12) Dr. Edwin Uzu; and (13) Correctional Sergeant Johanamann.

      By order dated September 7, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] The Court directs service on the defendants and directs them to comply with Local Civil Rule 33.2.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.      Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants with the complaint until 90 days after the date that summonses are issued for the defendants. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for the defendants and deliver to the Marshals Service all the

paperwork necessary for the Marshals Service to effect service of the summonses and the complaint on the defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of this order, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[2]

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to: (1) issue summonses for the defendants, (2) complete USM-285 forms with the service addresses for the defendants, and (3) deliver all

---

[2] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the court's website, he may request them from the court's Pro Se Intake Unit.

documents necessary to effect service of summonses and the complaint on the defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of service of this order.

SO ORDERED.

Dated: September 17, 2021
       White Plains, New York

                                              NELSON S. ROMÁN
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

(1) Correctional Officer Taj K. Everly
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(2) Correctional Officer J. Dillon
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(3) Correctional Officer Gary J. Perrotta Jr.
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(4) Correctional Officer Antonio M. Alban
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(5) Correctional Officer Thomas A. Germano Jr.
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(6) Correctional Officer Richard T. Flanagan
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(7) Correctional Sergeant Michel Blot Jr.
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(8) Correctional Sergeant Michael D. Funk
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582-0010

(9)   Donald Venettozzi
      Director of Special Housing
      New York State Department of Corrections and Community Supervision
      1220 Washington Avenue, Bldg. #2
      Albany, New York 12226

(10)  Hearing Officer Marilyn Kopp
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582-0010

(11)  Nurse D. Heitz
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582-0010

(12)  Dr. Edwin Uzu
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582-0010

(13)  Correctional Sergeant Johanamann
      Green Haven Correctional Facility
      594 Route 216
      Stormville, New York 12582-0010