UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JOHN HAMLETT #08A0598

                              Plaintiff

          -vs-


TAJ K. EVERLY, C.O.; CHRISTOPHER J. DILLON,
C.O.; GARY J. PERROTTA, JR.; ANTONIO M. ALBAN,
C.O.; THOMAS A. GERMANO, JR., C.O.; RICHARD T.
FLANAGAN; MICHEL BLOT, JR.; MICHAEL D. FUNK,
SGT.; DONALD VENETTOZZI; MARILYN KOPP; D. HEITZ,
EDWIN UZU, AND MR. JOHANAMANN,

                              Defendants.
_____

Index No.: 7:21-cv-06663-NSR

Assigned: Hon. J. Nelson S. Roman

---

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF FED. R. CIV. P. 12(b)(6)**

---

LETITIA JAMES
New York State Attorney General
Attorney for Defendants
44 South Broadway – 5th Fl.
White Plains, NY 10601
O: (914) 422-8755
F: (914) 422-8706

By:      Janice Powers, Esq.
           Assistant Attorney General

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………………………….*iii*

PRELIMINARY STATEMENT………………………………………………………………...1

ALLEGATIONS IN COMPLAINT………………………………………………………………...1

STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6)……………………………………...4

    A.  THERE IS NOT A CONSTITUTIONAL RIGHT TO RECREATION IN A PRISON, HENCE THE ALLEGATIONS AGAINST DEF. C.O. EVERLY REGARDING DELAYS IN YARD ACCESS MUST BE DISMISSED………..…6

    B.  THERE IS NOT A FEDERAL REMEDY AVAILABLE FOR MISSING ITEMS FROM A PRISON CELL BECAUSE NEW YORK STATE HAS PROVIDED A REMEDY IN THE COURT OF CLAIMS………….…………..7

    C.  VERBAL COMPLAINTS TO SUPERVISORS DEF. JOHANEMAN AND BLOT ABOUT RECREATION AND MISSING PROPERTY AND GRIEVANCES DOES NOT IMPLICATE A CONSTITUTIONAL VIOLATION VIA SUPERVISOR LIABILITY……………………………………………………………………9

    D.  THE ALLEGATIONS AGAINST DEFENDANTS FLANAGAN AND BLOT FOR TRANSFER TO SHU INSTEAD OF A HOSPITAL AND AGAINST MEDICAL DEFENDANTS DR. UZU AND NURSE HEITZ FAIL TO STATE A CLAIM……………………………………………………………………………10

    E.  THE PRISON DISCIPLINARY HEARING ALLEGATIONS AGAINST DEFENDANTS KOPP AND VENETTOZZI FAIL TO STATE A CLAIM………………………………………………………………..14

    F.  THE ALLEGATIONS AGAINST DEFENDANTS EVERLY, DILLON, ALBAN, GERMANO, AND FLANAGAN BROADLY ALLEGING RETALIATION FAILS TO STATE A CLAIM………………………………17

    G.  THE ALLEGATIONS OF VERBAL HARASSMENT AGAINST DEF. EVERLY DO NOT STATE A CLAIM……18

CONCLUSION……………………………………………………………………………...19

# TABLE OF AUTHORITIES

<u>Cases</u>

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...................................................................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................................5

*Bennett v. Goord*, 343 F.3d 133 (2d Cir. 2003) .....................................................................17

*Bloomingburg Jewish Educ. Ctr. v. Vill of Bloomingburg*, 111 F. Supp. 3d 459 (S.D.N.Y. 2015) ............................15

*Branch v. Goord*, No. 05-CIV-6495 (WHP-KNF), 2006 WL 2807168 (S.D.N.Y. Sept. 28, 2006) ..............................15

*Branham v. Meachum*, 77 F.3d 626  (2d Cir. 1996) ...................................................................6

*Bryant v. Goord*, No. 99 CIV. 9442, 2002 WL 553556  (S.D.N.Y. Apr.12, 2002) ...................................18

*Chance v. Armstrong*, 143 F.3d 698 (2d Cir. 1998) ...............................................................13

*Chavus v. Chappius*, 618 F.3d 162 (2d Cir. 2010) .................................................................5

*Colon v. Howard*, 215 F.3d 227 (2d Cir. 2000) .....................................................................14

*Constant v. Prack*, No. 16-cv-3985 (NSR), 2019 WL 3287818 (S.D.N.Y. Jul. 19, 2019) ...........................16

*Cox v. Morley*, No. 9:20-CV-1235 (GLS/CFH), 2020 WL 6781522 (N.D.N.Y. Nov. 18, 2020) ........................14

*Davis v. Goord*, 320 F.3d 346 (2d Cir.2003) .......................................................................18

*DeLaney v. Canfield*, No. 19-CV-6729 (KMK), 2020 WL 3893272 (S.D.N.Y. July 10, 2020) ..........................8

*Estelle v. Gamble*, 429 U.S. 97 (1976)..............................................................................11

*Flemming v. King*, No. 14-CV-316, (DNH/CFH), 2016 WL 5219995 (N.D.N.Y. Jun. 20, 2016) .........................14

*Flemming v. Smith*, No. 11-CV-804, 2014 U.S. Dist. LEXIS 101812, 2014 WL 3698004 (N.D.N.Y. July 24, 2014).... 11

*Flemming v. Wright*, 9:11-CV-804 NAM/TWD, 2013 WL 4804493 (N.D.N.Y. Sept. 9, 2013)...........................12, 14

*Forman v. Coughlin*, No. 93 Civ. 8412 (LAK), 1994 WL 708150 (S.D.N.Y. Dec. 20, 1994)..........................7

*Franco v. Kelly*, 854 F.2d 584 (2d Cir. 1988) ......................................................................8

*Frazier v. Coughlin*, 81 F .3d 313 (2d Cir. 1996) ..................................................................15

*Gibson v. City of N.Y.*, 1998 U.S. Dist. LEXIS 3618, 1998 WL 146688  (S.D.N.Y. Mar. 25, 1998) ..............................6

*Gill v. Mooney*, 824 F.2d 192 (2d Cir.1987) .......................................................................17

*Green v. Niles*, No. 11-CV-1349, 2012 WL 987473 (S.D.N.Y. Mar. 23, 2012) ......................................7

*Greene v. Mazzuca*, 485 F.Supp.2d 447 (S.D.N.Y.  Apr. 26, 2007)....................................................18

*Hare v. Hayden*, No. 09 CIV. 3135 RWS, 2011 WL 1453789 (S.D.N.Y. Apr.14, 2011)..............................18

*Harris v. Keane*, 962 F. Supp. 397 (S.D.N.Y. Apr. 21, 1997).......................................................15

*Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ......................................................................5

*Hayden v. Patterson*, 594 F.3d 150 (2d Cir. 2010) .................................................................5

*Hill v. Curcione*, 657 F.3d 116 (2d Cir. 2011)......................................................................11

*Houston v. Goord*, 2009 U.S. Dist. LEXIS 27481, 2009 WL 890658 (N.D.N.Y. Mar. 31, 2009).......................6

*Hudson v. Palmer*, 468 U.S. 517 (1984) ..............................................................................7

*Hunter v. Bryant*, 502 U.S. 224 (1991)..............................................................................15

*Hyman v. Abrams*, 630 F. App'x 40 (2d Cir. 2015) ............................................................ 16

*Jamison v. Fischer*, No. 11-CV-4697, 2012 WL 4767173 (S.D.N.Y. Sept. 27, 2012) ............................ 9, 16

*JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815 (S.D.N.Y. Apr. 24, 2014)......................................... 7

*Johnson v. Eggersdorf*, 8 Fed. App'x 140 (2d Cir. 2001)........................................................ 17

*Lebron v. Myrzgold*, No. 14-Cv-10290 (KMK), 2017 WL 365493 (S.D.N.Y. Jan. 24, 2017). ...................... 16

*Malsh v. Austin*, 901 F. Supp. 757  (S.D.N.Y. Oct. 20, 1995)................................................... 12

*McKenna v. Wright*, 386 F.3d 432 (2d Cir. 2004)............................................................... 15

*Melvin v. Cnty of Westchester*, No. 14-CV-2995 (KMK), 2016 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 29, 2016) ..... 10

*Miller v. UConn Corr. Managed Health Care*, No. 3:10-CV-616 RNC, 2013 WL 5963078 (D. Conn. Nov. 6, 2013) . 12

*mith v. Miller*, No. 15 Civ. 9561, 2017 WL 4838322 (S.D.N.Y. Oct. 23, 2017) ........................................ 18

*Morehouse v. Vasquez*, No. 17-CV-4836 (KMK), 2020 WL 1049943 (S.D.N.Y. Mar. 4, 2020).................... 12

*Munlyn v. Pietrie*, No. 13-CV-6170PFG, 2014 WL 3695488  (W.D.N.Y. Jul. 24, 2014)............................. 14

*Munoz v. Eliezer*, No. 16-CV-6049 (NSR), 2018 WL 1626170 (S.D.N.Y. Mar. 30, 2018).......................... 12

*Nogueras v. Coughlin*, No. 94-CV-4094, 1996 WL 487951  (S.D.N.Y. Aug, 27, 1996)............................ 15

*Ortiz v. Annucci*, No. 17-CV-3620 (RJS), 2019 WL 1438006 (S.D.N.Y. Mar. 29, 2019) ............................ 10

*Ortiz v. Russo*, No. 13 CIV. 5317 ER, 2015 WL 1427247  (S.D.N.Y. Mar. 27, 2015) .......................... 16, 17

*Perez v. City of New York*, No. 13-CV-3328, 2013 WL 6182931  (S.D.N.Y. Nov. 21, 2013) ..................... 11

*Plair v. City of New York*, 789 F.Supp.2d 459 (S.D.N.Y.  May 31, 2011).......................................... 10

*Polletta v. Farinella*, No. 11-CV-660, 2012 WL 6115101  (D. Conn. Dec. 10, 2012) ................................ 13

*Purcell v. Coughlin*, 790 F.2d 263 (2d Cir.1986) ............................................................... 18

*Rivera v. Lempke*, 810 F. Supp.2d. 572 (W.D.N.Y. Sept. 14, 2011) ............................................... 10

*Roseboro v. Gillespie*, 791 F.Supp.2d 353 (S.D.N.Y. May 24, 2011) .............................................. 17

*Salahuddin v. Goord*, 467 F.3d 263 (2d Cir. 2006) .............................................................. 11

*Santiago v. James*, 95 Civ. 1136 (JFK), 1998 U.S. Dist. LEXIS 12318 (S.D.N.Y. Aug. 10, 1998) ................... 6

*Shomo v. City of N.Y.*, 579 F.3d 176 (2d Cir. 2009) ............................................................ 10

*Simpson v. Rodas*, 2012 WL 4354832 (S.D.N.Y. Sept. 21, 2012).................................................. 10

*Sims v. Griener*, 00 Civ. 2524 (LAP), 2001 U.S. Dist. LEXIS 15527  (S.D.N.Y. Sep. 26, 2001). .................... 9

*Sonds v. St. Barnabas Hosp. Correctional Health Sys.*, 151 F. Supp. 2d 303 (S.D.N.Y. May 21, 2001).................. 13

*Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127 (2d Cir. 2013).......................................... 11

*Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020) ............................................................. 9

*Taylor v. Chalom*, No. 9:10-CV-1494 NAM/DEP, 2011 WL 6942891 (N.D.N.Y. Dec. 13, 2011)............................ 13

*Whitfield v. Scully*, 94 Civ. 3290, 1996 WL 706932  (S.D.N.Y. Dec. 6, 1996) ..................................... 15

*Willis v. City of New York*, No. 14-CV-968, 2014 WL 4494466 (E.D.N.Y. Sept. 12, 2014) ........................ 13

*Wright v. Goord*, 554 F.3d 255 (2d Cir.2009)................................................................... 17

*Young v. Scully*, 1993 U.S. Dist. LEXIS 3447, 1993 WL 88144  (S.D.N.Y. Mar. 22, 1993) ........................... 7

Statutes

42 U.S.C. §1983........................................................................................................................1, 7, 16, 18

Rules

Fed. R. Civ. P. 12(b)(6).................................................................................................................... 1, 5

Fed. R. Civ. P. 8(a)(2)............................................................................................................................ 6

## II.   PRELIMINARY STATEMENT

Defendants TAJ K. EVERLY, C.O.; CHRISTOPHER J. DILLON, C.O.; GARY J. PERROTTA, JR.; ANTONIO M. ALBAN, C.O.; THOMAS A. GERMANO, JR., C.O.; RICHARD T.  FLANAGAN; MICHEL BLOT, JR.; MICHAEL D. FUNK, SGT.; DONALD VENETTOZZI; MARILYN KOPP; D. HEITZ, EDWIN UZU, AND MR. JOHANEMAN, sued herein as JOHANAMANN in this 42 U.S.C. §1983 action move pursuant to Fed. R. Civ. P.12(b)(6) for failure to state a claim.  This matter was commenced on 8/5/2021 with the filing of a Complaint by John Hamlett, a pro se Plaintiff who is also an incarcerated individual in the New York State Department of Corrections of Community Supervision.  Defendants move to dismiss allegations the do not implicate a protected constitutional right and allegations that do not meet the standard of review under Fed. R. Civ. P. 12(b)(6).

## III.   ALLEGATIONS IN COMPLAINT

### A.   Yard/Recreation – Def. Everly

The pleading seeks to assert constitutional violations that allegedly occurred at Green Haven Correctional Facility on dates beginning on August 7, 2018, intermittently through November 13, 2018 and on April 11, 2019. (Pl. Compl. at 6, ECF No. 2, 8/5/2021) (Ex. A).  As to Def. Everly, Plaintiff alleges that on August 7, 2018, when it was time for recreation, Def. Everly refused to allow Plaintiff out to recreation and stated, "you complain too much." The same day as he was headed to recreation and Def. Everly stopped him and made him wait until all other inmates were released to the yard before he could proceed. *Id*. Plaintiff alleges the delay in recreation access caused him to miss use of the yard phone because only five (5) groups can use the phone within the recreation time allotted to inmates. *Id*.

1

On 8/15/2018 his cell door opened after other inmates were downstairs for yard time. *Id*. at 9, ¶11. When he returned from the yard, his cell door was one of the last to open alleging Def. Everly refused to open his cell door. *Id*.  at 11, ¶14 and stated that he would open it "when I get ready". *Id*. at 11, ¶15.  Def. Everly then came to the gallery to secure the other inmates and said to Plaintiff "I own you" and "you belong to me" before letting Plaintiff into his cell. *Id*.  When Plaintiff entered his cell he noticed items missing.

B.  Personal Items in Cell

On August 14, 2018, Plaintiff noticed some items were missing from his cell and another unidentified inmate allegedly saw Def. Everly with these items. (Pl. Compl. at 9).  The next day on 8/15/2018, he noticed a broom missing and a locker knocked down. *Id*. at ¶ 9. Again, other inmates told him that Def. Everly was on the gallery and was seen with a broom. *Id*. at ¶10. At another point on the same day, he again noticed items missing. *Id*. at 11, ¶15.  On 8/20/2018, he believed someone was in his cell because a thread he placed across the door had been popped. *Id*. at 12, ¶18. Plaintiff believed Everly set him up and he complained to an escorting office and asked to speak to the area Sgt and Plaintiff refused to go into his cell. *Id*. at 12, ¶19.  C.O. Everly responded with the escorting office and directed Plaintiff to first go into his cell and then the Sergeant be called. *Id*. at 12, ¶20.  Plaintiff went into his cell and his razor was missing. *Id.* at 13, ¶ 21. Plaintiff was told by unidentified inmates that Def. Everly had the razor. *Id*. at 13, ¶21. A Sergeant did not respond. *Id*. Plaintiff alleges that inmates told him Everly was going to set him up with a weapon. *Id*.

C.  Complaints to Supervisory Security Staff and Outside Agencies

On 8/15/2018 Plaintiff went to the yard and verbally informed Def. Sgt. Johaneman (s/h/a Johannaman) about items missing from his cell. *Id.* at 10, ¶ 10. Sgt. Johaneman then responded "what you want me to do?" *Id.* On the same day, 8/15/2018, Sgt. Blot while in the yard did nothing after Plaintiff informed him of what was taking place. On 8/14/2018, he filed 3 grievances and spoke to Def. Sgt. Blot "about it". (Pl. Compl. at 8). Plaintiff wrote letters of complaint to the First Superintendent (*id.* at 11, ¶16), OSI on 8/15/2018 (*id.* at ¶17), the Superintendent on 8/20/2018 (*id.* at 11-12, ¶17).

### D. *Allegations of Excessive Use of Force*

Plaintiff alleges on 8/21/2018 on his way to recreation, he was pulled out for a search by Def. Everly that resulted in a use of force involving Defendants Everly, Dillon Perrotta, Albam Germano, C.O. Flanagan. (Pl. Compl. at ¶ 23-27). Defendants do not move per 12(b)(6) on these allegations on their face and will engage in discovery and reserve the right to move to dismiss with the evidence available post-discovery.

### E. Allegations of Retaliation

Plaintiff alleges that Everly, Dillon, Perotta, Alban, Germano, and Flanagan "gang assaulted" him without justification in retaliation for filing a grievance against non-party C.O. Danielle Germano and Def. C.O. Everly. (*Id.* at ¶37).

### F. Allegations of Failure to Protect

Plaintiff alleges that Def. Sgt. Blot, Funk, and Johaneman failed to supervise and protect me from harm when they were informed of the progressive violations of Def. Everly's actions, stealing property, and rumor[s] of threat to well being. Id. at ¶38.

### G. Medical Care

After the alleged use of force, Plaintiff was escorted to SHU by Def. Blot and Def. Flanagan. *Id*. at 16, ¶27.  In the SHU, he was seen by Defendant D. Heitz, a registered nurse. *Id.*  at 16, ¶28.Plaintiff alleges nurse Heitz failed to provide "adequate medical care" for a concussion and she failed to note all his injuries. *Id*. He was placed in a cell, not a hospital. *Id.* Plaintiff alleges that Def. Dr. Uzu failed to note and treat his injuries which included dental cuts and pain.  *Id.* at ¶29.  He also alleges they failed to send him to a hospital for a concussion, pain from cuts in the mouth, dental care, and other pains. See also ¶39.

  H. <u>Disciplinary Hearing</u>

On some unspecified date, Plaintiff attended a tier 3 prison disciplinary hearing due to an alleged false misbehavior report issued on 8/21/2018 by Defs. Everly, Alban, and Dillon. *Id.* at ¶29.  In the report, Plaintiff was charged with assault on staff, threats, creating a disturbance and frisk procedure violation. *Id.* at 17. Def. Marilyn Kopp was the assigned hearing officer. *Id.* at ¶30. Def. Kopp found Plaintiff guilty.  *Id.* at ¶30. Plaintiff was sentenced to forty-five (45) days in SHU, 45 days loss of phone, 45 days loss of packages, 45 days loss of commissary. *Id.* at 23, ¶40. Plaintiff also had to retake a prison anger management program known as A.R.T. (Aggression Replacement Training).

Plaintiff alleges that Def. Kopp violated his rights to a fair impartial hearing, denied him witnesses and did not inquire as to why some witnesses refused to testify. *Id.*  at ¶30 -31. He also alleges he was denied his right to documentary evidence and assistance. *Id*. at ¶33. He also alleges that some witnesses were questioned out of his presence. *Id*. at ¶34.  As to Def. Venettozzi, Plaintiff alleges he affirmed the guilty verdict. Id. at ¶36. Plaintiff also alleges his "right to reverse and expunge" of a disciplinary matter was violated because Venettozzi knew Def. Everly assaulted another inmate a month after he allegedly assaulted Plaintiff. *Id*. at ¶36, ¶40.

## IV.    STANDARD OF REVIEW UNDER FED. R. CIV. P. 12(B)(6)

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pursuant to Fed. R. Civ. P. 12(b)(6), dismissal is warranted wherein a pleading fails to: (1) plead enough facts and (2) state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shaw v. Prindle*, 661 Fed. App'x. 16 (2d Cir. 2016) citing *Kirkendall v. Halliburton Inc.*, 707 F.3d 173, 178-179 (2d Cir. 2013).   To evaluate a motion to dismiss on these grounds, there is a two-step approach.   First, it must be determined whether sufficient facts are pled in the complaint. *Chavus v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).   The facts as pled cannot be mere conclusions or a recitation of elements of a cause of action. *Bell Atlantic Corp.*, 550 U.S. at 555.

Second, the facts as pled must give substantive entitlement to relief. *Hayden v. Patterson*, 594 F.3d 150, 161 (2d Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The facts as pled must lead the court to a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.   The facts cannot lead the court to a mere possibility of misconduct. *Id*.

Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 550 U.S. at 555. Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff must allege only enough facts to state a claim to relief that

is plausible on its face," *id*. at 570, if a plaintiff has not "nudged [his or her] claims across the line from conceivable to plausible, the[] complaint must be dismissed," *id*.; see also *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2); *id*. at 678-79 ("Rule 8 marks a notable and generous departure from the hyper technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

V. **ARGUMENT**

A. **There is not a constitutional right to recreation in a prison, hence the allegations against Def. C.O. Everly regarding delays in yard access must be dismissed.**

Plaintiff alleges Def. Everly delayed his yard access during recreation time on  8/7/2018, 8/14/2018, and 8/15/2018. These allegations fail to state a constitutional claim because a prisoner does not have a constitutional right to recreation. *Santiago v. James*, 95 Civ. 1136 (JFK), 1998 U.S. Dist. LEXIS 12318 (S.D.N.Y. Aug. 10, 1998) (dismissal granted on a claim based on a denial of recreation time because "Plaintiff's claim is without merit because he does not have a constitutional right to recreation time every day."). "[I]solated interruptions or denials of the right to exercise do not state a constitutional deprivation. See, e.g., *Branham v. Meachum*, 77 F.3d 626, 629-31 (2d Cir. 1996) (keeping inmate on lockdown and "full restraint" status without outdoor recreation for a period of approximately twenty-two days does not violate the Eighth Amendment); *Houston v. Goord*, 2009 U.S. Dist. LEXIS 27481, 2009 WL 890658, at *4 (N.D.N.Y. Mar. 31, 2009) (denial of opportunity to exercise outdoors for less than two weeks was *de minimis*); *Gibson*

*v. City of N.Y.*, 1998 U.S. Dist. LEXIS 3618, 1998 WL 146688, at *3 (S.D.N.Y. Mar. 25, 1998) (denying prisoner right to exercise for eight days in a sixty-day period does not violate Eighth Amendment); *Davidson*, 968 F. Supp. at 131 (depriving inmate of outdoor exercise for fourteen consecutive days did not violate Eighth Amendment); *Young v. Scully*, 1993 U.S. Dist. LEXIS 3447, 1993 WL 88144, at *5 (S.D.N.Y. Mar. 22, 1993) (holding that Eighth Amendment was not violated when inmate was deprived of exercise for periods lasting several days). Here the slight delays that result in Plaintiff being allowed in the yard, though minutes after other inmate or a single day denial in yard access does not create a violation under the United States constitution. These allegations should be dismissed with prejudice.

### B. There is not a federal remedy available for missing items from a prison cell because New York State has provided a remedy in the Court of Claims.

A claim for deprivation of property cannot lie in federal court if the state courts provide an adequate remedy for the deprivation of that property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). An intentional destruction of property by a state employee does not violate due process of the state provides meaningful post deprivation remedy.  *Id*. at 531.  New York State provides such a remedy in §9 of the New York Court of Claims Act which permits an inmate to pursue a claim for deprivation of property against the State of New York in the New York Court of Claims. *Forman v. Coughlin*, No. 93 Civ. 8412 (LAK), 1994 WL 708150, at *1 (S.D.N.Y. Dec. 20, 1994) ("New York has adequate remedies [for deprivation of property claims] via recourse to the New York Court of Claims. The Constitution requires nothing further.").

District courts routinely dismiss claims by inmates who assert that they were deprived of property by corrections officers. *JCG v. Ercole*, No. 11-CV-6844, 2014 WL 1630815, at *32 (S.D.N.Y. Apr. 24, 2014) (dismissing an inmate's deprivation of property claim because "the

existence of an adequate post-deprivation state remedy precludes a due process claim under § 1983" (citations omitted)), adopted by 2014 WL 2769120 (S.D.N.Y. June 18, 2014); *Green v. Niles*, No. 11-CV-1349, 2012 WL 987473, at *6 (S.D.N.Y. Mar. 23, 2012) (dismissing an inmate's claim because "a prison's loss of an inmate['s] property . . . will not support a due process claim redressable under § 1983 if adequate state post deprivation remedies are available."

Plaintiff alleges on 8/14/2018 when he returned from recreation there were unspecified items missing from his cell and he was told Def. Everly took them. On 8/15/2018, he noted a broom was missing from his cell and was told by unidentified prisoners that Def. Everly was seen with a broom. On 8/20/2018 a razor was missing from his cell and again, unidentified prisoners said Def. Everly had the razor.  In another similar case, inmate Delaney alleged that he was told that a New York correction officer interfered with his personal property. *DeLaney v. Canfield*, No. 19-CV-6729 (KMK), 2020 WL 3893272, at *2 (S.D.N.Y. July 10, 2020).

In *Delaney* this Court granted 12(b)(6) dismissal and held "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of ... the Fourteenth Amendment if a meaningful post[-]deprivation remedy for the loss is available." *DeLaney*, 2020 WL 3893272, at *7 citing to *Hudson* (holding "[b]ecause the [c]omplaint thus suggests the deprivation of property was 'effected through random and unauthorized conduct of a state employee'—as opposed to 'established state procedure'—Plaintiff has an adequate post-deprivation remedy under state tort law." DeLaney 2020 WL 3893272 at *8 citing *Hudson*, 468 U.S. at 532–33.) See also *Franco v. Kelly*, 854 F.2d 584, 588 (2d Cir. 1988) (noting that the "mere deprivation of personal property would not rise to the level of a constitutional injury" (citation omitted)). Therefore, Plaintiff fails to state any claim under the Fourteenth Amendment (or any other provision) based on his purportedly missing property.

C. **Verbal complaints to supervisors Def. Johaneman and Blot about recreation and missing property and grievances does not implicate a constitutional violation via supervisor liability.**

Plaintiff alleges he verbally informed Def. Sgt. Johaneman (s/h/a Johannaman) about items missing from his cell and he verbally informed Def. Sgt. Blot about a grievance filed against non-party CO Danielle Germano.  Here, it is alleged that on 8/15/2018 Plaintiff went to the yard and verbally informed Def. Sgt. Johaneman (s/h/a Johannaman) about items missing from his cell. Sgt. Johaneman then responded, "what you want me to do?"  On the same day, 8/15/2018, Sgt. Blot while in the yard did nothing after Plaintiff informed him of "what was taking place". On 8/14/2018, he filed 3 grievances and spoke to Def. Sgt. Blot "about it".  Plaintiff wrote letters of complaint to the First Superintendent, OSI on 8/15/2018,  the Superintendent on 8/20/2018. There allegations do not substantiate any constitutional violations.

To hold a state official liable under §1983 for a constitutional violation, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability. *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020). Further, verbal complaints do not establish personal involvement, *Sims v. Griener*, 00 Civ. 2524 (LAP), 2001 U.S. Dist. LEXIS 15527 at *19 (S.D.N.Y. Sep. 26, 2001).

A single inmate's verbal complaint is highly similar to an inmate's sending the Commissioner a letter [,] [t]he only difference is that the Commissioner can actually see the inmate. *Id*.; see also *Jamison v. Fischer*, No. 11-CV-4697, 2012 WL 4767173, at *3 (S.D.N.Y. Sept. 27, 2012) (explaining that Iqbal "rejected the argument that a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution",

appeal not considered by 617 F. App'x 25 (2d Cir. 2015). A mere failure to correct, or acquiescence in, a lower-level employee's alleged violation is not enough for a supervisor's personal involvement. *Rivera v. Lempke,* 810 F. Supp.2d. 572, 576 (W.D.N.Y. Sept. 14, 2011) citing *Plair v. City of New York*, 789 F.Supp.2d 459, 465 (S.D.N.Y.  May 31, 2011).

The allegations fail to demonstrate a constitutional violation because it is well-established that "a defendant's mere receipt of a letter or grievance, without personally investigating or acting [thereon], is insufficient to establish personal involvement." *Alvarado v. Westchester County*, 22 F. Supp. 3d at 215; see also *Simpson v. Rodas*, 2012 WL 4354832, at *8 (S.D.N.Y. Sept. 21, 2012) ("[W]riting to a supervisory official is insufficient to establish such personal involvement") (citing *Shomo v. City of N.Y.*, 579 F.3d 176, 184 (2d Cir. 2009)).

D. **The allegations against defendants Flanagan and Blot for transfer to SHU instead of a hospital and against medical defendants Dr. Uzu and Nurse Heitz fail to state a claim.**

Plaintiff alleges Defs. Sgt. Blot and Flanagan took him to a SHU area instead of a hospital. Dr. Uzu and Nurse Heitz saw him but provided inadequate medical care and failed to note his injuries and placed him in a cell instead of a hospital.  The allegation does not create a cognizable constitutional violation because the bald assertion that does not substantiate an objective or subjective element sufficient to create deliberate indifference.  Allegations such as these are "wholly conclusory and devoid of any supporting facts" and warrant 12(b)(6) dismissals. *Ortiz v. Annucci*, No. 17-CV-3620 (RJS), 2019 WL 1438006 at *9  (S.D.N.Y. Mar. 29, 2019)*.* Similar to this pleading, in *Ortiz*, this court granted 12(b)(6) on claim that incarcerated individual was "unconstitutionally placed in the SHU" to cover up an assault by correction officers.

"It is well established that '[c]onclusory allegations that medical staff defendants were aware of a [prisoner's] medical needs and failed to provide adequate care are generally insufficient to

state an Eighth Amendment claim of inadequate medical care.'". *Melvin v. Cnty of Westchester*, No. 14-CV-2995 (KMK), 2016 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 29, 2016) citing to *Flemming v. Smith*, No. 11-CV-804, 2014 U.S. Dist. LEXIS 101812, 2014 WL 3698004, at *6 (N.D.N.Y. July 24, 2014); *see also Gumbs,* 2012 U.S. Dist. LEXIS 120664, 2012 WL 3705009, at *12 ("[C]onclusory allegations that defendants were aware of [a] plaintiff's medical needs . . . but failed to respond are generally not sufficient proof of [the] defendants' deliberate indifference and cannot survive a Rule 12(b)(6) motion to dismiss.").

A claim for deliberate indifference to medical needs requires an "alleged deprivation of adequate medical care that is sufficiently serious." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (citation and quotation marks omitted). Analyzing this objective requirement involves two inquiries: "whether the prisoner was actually deprived of adequate medical care," and "whether the inadequacy in medical care is sufficiently serious," which in turn "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006) (citation omitted).

"[A] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment." *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); accord *Riddick v. Mauer*, 730 F. App'x 34, 37–38 (2d Cir. 2018) (affirming denial of injunctive relief based on the inmate-plaintiff's claims concerning denials of MRIs, x-rays, and a new mattress because they constituted "mere disagreements over treatment"). "[T]he essential test is one of medical necessity and not one simply of desirability." *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). Further, generalized complaints of pain and minor cuts are not sufficiently serious for a constitutional claim. *DeLaney* 2020 WL 3893272 at *7 (S.D.N.Y. July 10, 2020) citing *Perez v. City of New*

*York*, No. 13-CV-3328, 2013 WL 6182931, at *1, *3 (S.D.N.Y. Nov. 21, 2013) (dismissing deliberate indifference to medical needs claim where the plaintiff complained that his requests for "certain pain and diabetes medications" were ignored because the plaintiff did not "allege an urgent condition that may produce death, degeneration, or extreme pain" or that the defendant providers' medical choices "created such a condition".).

Plaintiff broadly asserts that he suffered a concussion. This alone is a deficient allegation as it contains no context as to awareness by defendants but even so, a concussion is not a sufficiently serious medical condition under the constitutional standard. *Malsh v. Austin*, 901 F. Supp. 757, 762–63 (S.D.N.Y. Oct. 20, 1995) (summarizing cases, including those finding that a mild concussion and did not satisfy the constitutional "serious medical need" standard). See e.g. M*iller v. UConn Corr. Managed Health Care*, No. 3:10-CV-616 RNC, 2013 WL 5963078, at *2 (D. Conn. Nov. 6, 2013) (holding mild concussion not to constitute a serious medical need). Further, where it is simply pled in conclusory terms that a plaintiff had a concussion, that too is insufficient to establish a sufficiently serious medical need. See *Flemming v. Wright*, 9:11-CV-804 NAM/TWD, 2013 WL 4804493, at *12 (N.D.N.Y. Sept. 9, 2013) ("Where inmate alleged the was not treated for a concussion, 12(b)(6) granted because "Plaintiff ha[d] not pleaded factual material sufficient to make a facially plausible showing".) Likewise, as to complaints of cuts to the mouth, they do not rise to a serious medical condition under the United States constitution. *Morehouse v. Vasquez*, No. 17-CV-4836 (KMK), 2020 WL 1049943, at *18 (S.D.N.Y. Mar. 4, 2020) ("District courts in the Second Circuit have consistently held that bruises, lacerations, cuts … and other superficial injuries are "not sufficiently serious to support" a deliberate indifference claim.").

Plaintiff's opinion that he should have been hospitalized is no more than a disagreement and does not rise to the constitutional standard because it is a disagreement in care based on the opinion

of a lay person prisoner. *Munoz v. Eliezer*, No. 16-CV-6049 (NSR), 2018 WL 1626170, at *6 n.5 (S.D.N.Y. Mar. 30, 2018) (inmate's allegation that he should have been transferred to the hospital for treatment of broken ribs and dislocated shoulder "amounts to nothing more than a preference of treatment, not recoverable under the Eighth Amendment.").   The fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *Sonds v. St. Barnabas Hosp. Correctional Health Sys.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. May 21, 2001) ("[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists or the timing of their intervention, are not adequate grounds for a Section 1983 claim."). See also *Polletta v. Farinella*, No. 11-CV-660, 2012 WL 6115101, at *2 (D. Conn. Dec. 10, 2012) ("That [the] [p]laintiff did not receive the treatment of his choice, i.e., being taken to an outside hospital, is insufficient to state a claim for deliberate indifference.")

Complaints of pain that are vague also fail under the 12(b)(6) standard. *Taylor v. Chalom*, No. 9:10-CV-1494 NAM/DEP, 2011 WL 6942891, at *7 (N.D.N.Y. Dec. 13, 2011), report and recommendation adopted, No. 9:10-CV-1494, 2012 WL 13688 (N.D.N.Y. Jan. 4, 2012) (holding "[p]laintiff's complaint is devoid of specifics … rather, he merely alleges in a conclusory fashion that he has pain and soreness… back pain, and a great deal of "pain and suffering"). See also *Willis v. City of New York*, No. 14-CV-968, 2014 WL 4494466, at *3 (E.D.N.Y. Sept. 12, 2014) (with respect to inmate's claim that he was deprived of medical treatment, "thus perpetuating and exacerbating his physical and mental pain and suffering, holding "this sort of bare conclusory statement, absent factual allegations to support the claim, is insufficient to state a claim under *Iqbal* and *Twombly*.")

As the subjective component, the pleading is insufficient to meet the constitutional standard as well. Where a pleading does not contain sufficient allegations to meet the subjective component, dismissal is warranted.  *Munlyn v. Pietrie*, No. 13-CV-6170PFG, 2014 WL 3695488 at \*3 (W.D.N.Y. Jul. 24, 2014) (granting 12(b)(6) because plaintiff's allegations are insufficient to meet the objective standard, and absent from the Complaint were any allegations from which the necessary subjective component of "wantonness" may be gleaned).  See also *Flemming v. King*, No. 14-CV-316, (DNH/CFH), 2016 WL 5219995 at \*3 (N.D.N.Y. Jun. 20, 2016) (12(b)(6) (granted as Flemming's allegations complaining of back pain and hurt against defendants failed to provide the context of the alleged incident). See also *Flemming v. Wright*, 2013 WL 4804493, at \*12 (N.D.N.Y. Sept. 9, 2013) ("Moreover, even if I were to assume for purposes of this motion that Plaintiff has satisfied the objective element, his conclusory allegation that he complained to Defendants, without any factual detail whatsoever regarding the alleged complaints and the individual Defendants' responses, cannot be found sufficient to satisfy the subjective element—a showing of deliberate indifference by Defendants—of his Eighth Amendment claim."). See also *Cox v. Morley*, No. 9:20-CV-1235 (GLS/CFH), 2020 WL 6781522 at \*6 (N.D.N.Y. Nov. 18, 2020) (Dismissal granted were "[t]he complaint is devoid of any allegations which plausibly suggest that [physician] acted with a sufficiently culpable state of mind in failing to order him a biopsy and/or prescribe him effective medication.).

E. **The prison disciplinary hearing allegations against defendants Kopp and Venettozzi fail to state a claim.**

The Second Circuit has ruled that less than 101 days confinement is not considered atypical or significant and does not create a liberty interest. *Colon v. Howard*, 215 F.3d 227, 231 (2d Cir. 2000). Plaintiff alleges that defendant Kopp (prison disciplinary hearing officer) violated his constitutional rights at a prison disciplinary hearing by denying him a fair and impartial witness,

failing to ascertain the reason for one witness's refusal to testify and denied him the right to an assistant and documentary evidence. Plaintiff served 45 days in SHU with 45 days loss of telephone, packages, and commissary and he had to retake an anger management program (ART – Aggression Replacement Training).  Forty-five (45) days in SHU does not implicate a liberty interest for the purposes of a constitutional violation and hence defendants Kopp and Venettozzi are entitled to dismissal for failure to state a cognizable constitutional claim. *Branch v. Goord*, No. 05-CIV-6495 (WHP-KNF), 2006 WL 2807168, at *3 (S.D.N.Y. Sept. 28, 2006) ("45 days is within the constitutionally accepted durational range for SHU confinement.); *Harris v. Keane*, 962 F. Supp. 397, 404 (S.D.N.Y. Apr. 21, 1997) (the "Second Circuit's post-*Sandin* decisions are unanimous that keeplock of 60 days or less in New York prisons is not an "atypical hardship.""); *Whitfield v. Scully*, 94 Civ. 3290, 1996 WL 706932 at *5 (S.D.N.Y. Dec. 6, 1996) (60 days in SHU does not implicate a liberty interest.)

In addition, the temporary loss of prison privileges like commissary, phone, and packages and educational programs does not implicate the constitution. *Frazier v. Coughlin*, 81 F .3d 313, 315, 317 (2d Cir. 1996) (loss of commissary, recreation, package, and telephone privileges did not amount to an atypical and significant deprivation); *Nogueras v. Coughlin*, No. 94-CV-4094, 1996 WL 487951, at *5 (S.D.N.Y. Aug, 27, 1996) ("Restrictions on telephone use, recreational activities, access to law libraries, visitation, personal property, educational and employment opportunities" did not amount to atypical hardship.).

It is also alleged that defendant Venettozzi in affirming the penalty imposed by hearing officer Def. Kopp, also violated his constitutional rights. A defendant can properly raise a qualified immunity defense in a pre-answer 12(b)(6) motion to dismiss. *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *Bloomingburg Jewish Educ. Ctr. v. Vill of Bloomingburg*, 111 F. Supp. 3d 459,

493 (S.D.N.Y. 2015) ("in order for the doctrine of qualified immunity to serve its purpose, the availability of qualified immunity should be decided 'at the earliest possible stage in litigation.' " (quoting *Hunter v. Bryant*, 502 U.S. 224, 227 (1991))). A 12(b)(6) motion based on qualified immunity may be granted if "the facts supporting the defense appear on the face of the complaint." *Hyman v. Abrams*, 630 F. App'x 40, 42 (2d Cir. 2015) (quoting *McKenna*, 386 F.3d at 435–36). Def. Venettozzi's affirmation of the disciplinary disposition issued by Def. Kopp. "There is uncertainty within the Circuit related to whether an appeal officer may be held liable for failure to correct a procedural due process error below. *Constant v. Prack*, No. 16-cv-3985 (NSR), 2019 WL 3287818 at *4 (S.D.N.Y. Jul. 19, 2019) quoting *Constant v. Annucci*, No. 16-cv-03985 (NSR), 2018 EL 1684411, at *4 (S.D.N.Y. April 5, 2018). Hence, it cannot be said that "every reasonable official would've understood that affirming a disciplinary hearing containing procedural due process violation would violate an inmate's constitutional rights." *Id*. quoting *Lebron v. Myrzgold*, No. 14-Cv-10290 (KMK), 2017 WL 365493 at *9 (S.D.N.Y. Jan. 24, 2017).

There is also a lack of personal involvement for Def. Venettozzi. Since Dir. Venettozzi's involvement was distinct from the constitutional violations Plaintiff has alleged against the other Defendants, he cannot be held liable under § 1983 for violations that occurred prior to his review and were not ongoing. See id. Therefore, Plaintiff cannot sustain a claim against Dir. Venettozzi under § 1983. See *Ortiz v. Russo*, No. 13 CIV. 5317 ER, 2015 WL 1427247, at *11–14 (S.D.N.Y. Mar. 27, 2015) (granting 12(b)(6) for lack of personal involvement because Courts within this Circuit are split as to whether a prison official who simply denies an inmate's administrative appeal from a disciplinary hearing can be held liable under § 1983.). See also *Jamison v. Fischer*, No. 11 CIV. 4697(RJS), 2012 WL 4767173, at *4 (S.D.N.Y. Sept.27, 2012) (holding that the administrative official who affirmed the results of the plaintiff's disciplinary hearing was not

16

personally involved because the alleged constitutional violation had ceased by the time that he was called upon to review the appeal). "[A]llowing suits to proceed against all of the officers who reviewed an inmate's appeal in such a situation would improperly impose supervisory liability, conflicting with the clear mandate of Iqbal and many years of Second Circuit case law." *Id*.

F. **The allegations against defendants Everly, Dillon, Alban, Germano, and Flanagan broadly alleging retaliation fails to state a claim.**

Prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, [courts] are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). Acknowledging "the ease with which claims of retaliation may be fabricated," courts "examine prisoners' claims of retaliation with skepticism and particular care." *Johnson v. Eggersdorf*, 8 Fed. App'x 140, 144 (2d Cir. 2001) Recognizing the possibilities for abuse in retaliation claims, "we have insisted on a higher level of detail in pleading them[.]" *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir.1987). Thus, a complaint "which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Id*.

At the outset, Plaintiff fails to specifically identify the speech or conduct at issue which he purports to be protected. It is alleged that he filed 3 grievances, but there is not any additional allegations.  Generally, alleged retaliation motivated by an action the prisoner took which did not personally involve the prison officials is insufficient for a retaliation claim. *Ortiz v. Russo*, No. 13 CIV. 5317 ER, 2015 WL 1427247, at *11 (S.D.N.Y. Mar. 27, 2015) citing to *Wright v. Goord*, 554 F.3d 255, 274 (2d Cir.2009) (dismissing a pro se prisoner's claim that he was assaulted by the defendant in retaliation for an earlier letter he wrote which did not name or address defendant); *Roseboro v. Gillespie*, 791 F.Supp.2d 353, 369 (S.D.N.Y. May 24, 2011) (the plaintiff "failed to

17

provide any basis to believe that [the defendant] retaliated for a grievance that she was not personally named in"); *Hare v. Hayden*, No. 09 CIV. 3135 RWS, 2011 WL 1453789, at *4 (S.D.N.Y. Apr.14, 2011) ("As a general matter, it is difficult to establish one defendant's retaliation for complaints against another defendant."); *Bryant v. Goord*, No. 99 CIV. 9442, 2002 WL 553556, at *2 (S.D.N.Y. Apr.12, 2002) ("The grievances that Plaintiff filed prior to the disciplinary proceedings at issue here did not involve any of these Defendants, therefore, there is no basis to assume that these Defendants ... retaliate[d] for his filing grievances against other corrections officers.").

Here, it is broadly alleged that Everly, Dillon, Alban, Germano, and Flanagan assaulted him in retaliation for his filing a grievance against a non-party Danielle Germano, and defendant Everly. This is the kind of vague and conclusory retaliation allegation that the Second Circuit warns about, hence the requirement for a detailed pleading of retaliation.  See *Ortiz*, 2015 WL 1427247, at *11 (dismissing retaliation claims as "wholly conclusory".); See *Smith v. Miller*, No. 15 Civ. 9561, 2017 WL 4838322, at *8 (S.D.N.Y. Oct. 23, 2017) (on a motion to dismiss, dismissing a retaliation claim because the plaintiff failed to allege that the defendants knew about the plaintiff's grievance and failed to allege sufficient facts to suggest a retaliatory motive).

G.   **The allegations of verbal harassment against Def. Everly do not state a claim.**

Insults or verbal harassment  are not sufficient for a claim under 42 U.S.C. § 1983. See *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir.2003) ("Insulting or disrespectful comments directed at an inmate generally do not rise to this level [of a constitutional violation]."); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (holding "name calling" by a prison official was not a constitutional violation).  "Prisoners have no constitutional right to be free from harassment." *Greene v. Mazzuca,* 485 F.Supp.2d 447, 451 (S.D.N.Y. Apr. 26, 2007).  In order to qualify for

constitutional protection, the alleged harassment "may be so drastic as to violate the Eighth Amendment's right to be free from cruel and usual punishment, but only in the harshest of circumstances." *Id*.  It "must be objectively and sufficiently serious," and deny the inmate "the minimal civilized measure of life's necessities." *Id*.

## <u>CONCLUSION</u>

For the foregoing reasons, summary judgment with prejudice is warranted on behalf of each Defendant as delineated above for failure to state a claim.

LETITIA JAMES
New York State Office of the
Attorney General
<u>Attorney for Defendants</u>
By:

_____
Janice Powers, Esq.
Assistant Attorney General
Westchester Regional Office
44 S. Broadway 5th Floor
White Plains, NY 10601
Tel.: (914) 422-8755
Fax: (914) 422-8706