UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 07/03/2024
```

JOHN HAMLETT,

                Plaintiff,

-against-

TAJ K. EVERLY, C.O.; CHRISTOPHER J. DILLON, C.O.; GARY J. PERROTTA, JR.; ANTONIO M. ALBAN, C.O.; THOMAS A. GERMANO, JR., C.O.; RICHARD T. FLANAGAN; MICHEL BLOT, JR.; MICHAEL D. FUNK, SGT.; DONALD VENETTOZZI; MARILYN KOPP; D. HEITZ, EDWIN UZU, AND MR. JOHANAMANN,

                Defendants.

21-cv-6663 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff John Hamlett ("Plaintiff"), a *pro se* litigant, commenced this action against Correctional Officer Taj K. Everly, Correctional Officer Christopher J. Dillon, Correctional Officer Gary J. Perrotta Jr., Correctional Officer Antonio M. Alban, Correctional Officer Thomas A. Germano, Correctional Officer Richard T. Flanagan, and Hearing Officer Marilyn Kopp (collectively, "Defendants") pursuant to 42 U.S.C. § 1983 through an Amended Complaint filed on May 8, 2023. ("Am. Compl.", ECF No. 41.) Plaintiff asserts Section 1983 claims for excessive force, retaliation, and violation of due process. (*Id.*)

    On June 25, 2024, Plaintiff filed a request for the appointment of pro bono counsel. (*See* ECF No. 60.0

### LEGAL STANDARD

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may,

1

at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60 – 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application, (ECF No. 1), that Plaintiff qualifies as indigent. Therefore, Plaintiff has satisfied the first *Hodge* factor. The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.

To date, Plaintiff has a number of viable claims, including for violations of the First, Eighth and Fourteenth Amendments. Plaintiff's claims survived Defendants' Motion to Dismiss (ECF No. 51). (*See* ECF No. 56 (Court's Opinion and Order).) Plaintiff's present ability to further pursue his claims, including to proceed through discovery and conduct depositions, is limited due to his incarcerated status and lack of legal knowledge. Plaintiff's ability to handle the case without assistance in the light of the required factual investigation and the need for expertly conducted cross-examination to test veracity is limited.

The appointment of counsel in this matter would therefore "lead to a quicker and more just result by sharpening the issues." *Hodge*, 802 F.2d at 61. Accordingly, the Court GRANTS Plaintiff's application for the Court to request *pro bono* counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for pro bono counsel is GRANTED. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's

decision whether to retain that attorney or not. The Court directs the Clerk of Court to mail a copy of this endorsement to *pro se* Plaintiff at Plaintiff's address listed on ECF and to show service on the docket.

Dated:    July 3, 2024  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge